1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ, | 1:12-CV-01289 AWI GSA HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PETITION |
| THE PEOPLE, | FOR WRIT OF HABEAS CORPUS |
| Respondent. | |

———————————————————/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 8, 2012, Petitioner filed the instant federal petition.  He appears to challenge a 1998 conviction in Kern County Superior Court.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

2  dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

3  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

4  were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

5  B.   Failure to State a Discernable Claim

6      Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez 908 F.2d

7  at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979).  Rule 2(c) of the Rules

8  Governing Section 2254 Cases (emphasis added) states:

9          The petition must:
              (1) *specify all the grounds for relief available to the petitioner;*
10            (2) *state the facts supporting each ground;*
              (3) *state the relief requested;*
11            (4) be printed, typewritten, or legibly handwritten; and
              (5) be signed under penalty of perjury by the petitioner or by a person authorized to
12            sign it for the petitioner under 28 U.S.C. § 2242.

13      The instant petition is unclear.  It appears that Petitioner is complaining about a strike

14  resulting from his conviction on four counts of assault with a deadly weapon.  Petitioner references

15  several other arrests and charges as well as his deportation to Mexico.  The Court cannot discern any

16  claim for relief from the information provided.  Petitioner fails to identify any of his grounds for

17  relief with any specificity and he fails to support his claims with sufficient facts.  Therefore, the

18  entire petition is unclear and must be dismissed.

19  C.  Failure to State a Federal Claim

20      The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

21  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

22  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

23          The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
              entertain an application for a writ of habeas corpus in behalf of a person in
24            custody pursuant to a judgment of a State court *only on the ground that he is in
              custody in violation of the Constitution or laws or treaties of the United States.*

25
26  (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

27  District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

28  person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

1  (1973).

2      Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must

3  demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application
> of, clearly established Federal law, as determined by the Supreme Court of the
> United States; or resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State court
> proceeding.

7  28 U.S.C. § 2254(d)(1),(2).

8      In the instant case, Petitioner fails to state a cognizable federal claim.  Petitioner does not

9  allege a violation of the Constitution or federal law, nor does he argue that he is in custody in

10 violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his

11 claims in state court "resulted in a decision that was contrary to, or involved an unreasonable

12 application of, clearly established Federal law, . . . or resulted in a decision that was based on an

13 unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

14     Accordingly, the petition must be dismissed.

15 D.  Exhaustion of State Remedies

16     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

17 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

18 exhaustion doctrine is based on comity to the state court and gives the state court the initial

19 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

20 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

21 1163 (9th Cir. 1988).

22     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

23 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

24 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

25 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

26 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

27 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

28 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim must be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner fails to state whether he sought relief in the California Supreme Court, and if he did, what grounds he raised. If he has not yet sought relief in the California Supreme Court, the petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

E. Failure to Name a Proper Respondent

In this case, Petitioner names "The People" as Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the

1   respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v.</u>

2   <u>Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360

3   (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of

4   the prison in which the petitioner is incarcerated because the warden has "day-to-day control over"

5   the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v.</u>

6   <u>California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of

7   state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a

8   petitioner is on probation or parole, the proper respondent is his probation or parole officer and the

9   official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

10      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

11  lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326

12  (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

13  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition

14  to name a proper respondent, such as the warden of his facility.  <u>See</u> <u>West v. Louisiana</u>, 478 F.2d

15  1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

16  (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>,

17  394 F.2d 125 (9th Cir. 1968) (same).

18  F.  Conclusion

19      The instant petition must be dismissed for the above-stated reasons. Petitioner will be given

20  an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that

21  failure to file a petition in compliance with this order (i.e., a completely filled-out petition with

22  cognizable federal claims clearly stated, with exhaustion of state remedies clearly stated, and with a

23  proper respondent clearly stated) within the allotted time will result in a recommendation that the

24  petition be dismissed and the action be terminated. Petitioner is advised that the amended petition

25  should be titled "First Amended Petition" and must reference the instant case number.

26                                **ORDER**

27      Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is

28  GRANTED thirty (30) days from the date of service of this order to file an amended petition in

1   compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition

2   pursuant to 28 U.S.C. § 2254.

3

4        IT IS SO ORDERED.

5   **Dated:** ___**September 24, 2012**___          _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28