# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ, | 1:12-CV-01289 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION |
| v. | |
| WARDEN DUFFY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 8, 2012, Petitioner filed a federal habeas petition in this Court. Following a preliminary review of the petition, on September 25, 2012, the undersigned dismissed the petition for failure to state a claim, failure to exhaust state remedies, and failure to name a proper respondent. Petitioner was granted an opportunity to file an amended petition.

On October 9, 2012, Petitioner filed a first amended petition.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Exhaustion of State Remedies

As more fully discussed in the order dismissing the petition, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

Petitioner concedes in the amended petition that he has not yet sought relief in the California Supreme Court. Accordingly, the petition is unexhausted and should be dismissed. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[1] This Findings and Recommendation is submitted to the United

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1  States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
2  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
3  District of California.  Within thirty (30) days after date of service of this Findings and
4  Recommendation, Petitioner may file written objections with the Court.  Such a document should be
5  captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Finding and
6  Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
7  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections
8  within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
9  Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **October 17, 2012**           **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE